## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SANKET VYAS, as liquidating**
**agent for Q3I, L.P.,**

      **Plaintiff,**

**v.**                                    **Case No: 8:22-cv-1306-AAS**

**DENIS MCEVOY,**

      **Defendant.**

_____/

### ORDER

The parties jointly move to stay proceedings in this matter.  (Doc. 23).

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted).

The parties' ongoing settlement negotiations present good cause for a

stay. Accordingly, the parties' Motion to Stay Proceedings (Doc. 23) is **GRANTED**. This action is **STAYED** for sixty (60) days to afford the parties the opportunity to continue settlement negotiations. No later than **October 28, 2022**, the parties must file a joint report addressing the status of the parties' settlement negotiations.

      **ORDERED** in Tampa, Florida on August 30, 2022.

                                        AMANDA ARNOLD SANSONE
                                        United States Magistrate Judge